UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNYMAC HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GORDON WILLIAM SPARKS, et al.,<br><br>Defendants. | No. 2:15-cv-0948 MCE CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This action was removed from state court. Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The party invoking removal bears the burden of establishing federal jurisdiction. Hunter v. Philip Morris USA, 582 F.3d 1039 (9th Cir. 2009). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

In conclusory fashion, the removal petition alleges the complaint is subject to diversity jurisdiction. The court takes judicial notice of the records of the California Secretary of State which establish that plaintiff is a California corporation with its principal place of business in

/////

/////

1  Moorpark, California.  The removal petition alleges that defendant[1] is domiciled in California.
2  Accordingly, there is no diversity of citizenship between the parties.  Moreover, the unlawful
3  detainer complaint alleges that the fair rental value of the premises is $50 per day.  In light of the
4  allegations of the complaint regarding damages, the amount in controversy required for diversity
5  jurisdiction plainly cannot be met.  Defendant has failed to meet the burden of establishing
6  federal jurisdiction and the matter should therefore be remanded.  See generally Singer v. State
7  Farm Mutual Automobile Insurance Co., 116 F.3d 373, 375-376 (9th Cir. 1997).

8  IT IS HEREBY RECOMMENDED that the above-entitled action be summarily remanded
9  to the Superior Court of California, County of Sacramento.

10  These findings and recommendations are submitted to the United States District Judge
11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12  after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties.  Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
15  shall be served and filed within seven days after service of the objections.  The parties are advised
16  that failure to file objections within the specified time may waive the right to appeal the District
17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  Dated:  May 5, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 pennymac-sparks.remud

---

[1] Although two defendants are named in the unlawful detainer action, both defendants have not joined in the petition for removal.